UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DORIS V. WALKER,** | |
| **Plaintiff,** | |
| v. | No. 1:21-CV-03589 |
| **BANK OF AMERICA, N.A. and GRANT STREET GROUP, INC.,** | **District Judge Andrea R. Wood** |
| **Defendants.** | **Magistrate Judge Beth W. Jantz** |

## ORDER

Defendant Bank of America, N.A.'s ("BANA's") Motion to Compel (dkt. 259) is GRANTED. BANA must resend its RFPs to Plaintiff by 8/5/24. Plaintiff is ordered to produce all responsive documents to each of BANA's individual RFPs by 8/12/24. If Plaintiff needs to request an extension to this deadline, she must file a motion with the Court by no later than 8/12/24. A telephonic status hearing is set for 8/15/24 at 10:15 a.m. To join the telephonic status hearing by phone, dial 1-650-479-3207 and enter access code 97829499. Entering an attendee code is not required.

## STATEMENT

On December 12, 2023, BANA served its Requests for Production ("RFPs") on Plaintiff. Dkt. 259-1. Plaintiff did not respond to the RFPs, and at a March 14, 2024 status hearing, the Court ordered BANA to resend the requests that day and Plaintiff to "respond to each individual document production within 30 days. (i.e., it is not sufficient to generally say that all documents have been produced and/or are on the docket; Plaintiff must respond to each individual request with a responsive production of documents or that she does not have any documents that are responsive)." Dkt. 228. That day, BANA resent its RFPs but Plaintiff still did not produce any documents. Dkt. 259 at 1; dkt. 259-3. Instead, she responded to almost every request by stating that she "asserts her right to deny [BANA] access to her private, confidential, privileged information, under FRCP (5) *Claiming Privilege or Protective Trial-Preparation Materials.*" Dkt. 259-4, ¶¶ 1-7, 9-11. Plaintiff also objected to RFPs 1 and 8 on the basis that BANA has access to the requested documents. Dkt. 259-4, ¶¶ 1, 8. On April 12, 2024, BANA sent correspondence to Plaintiff requesting withdrawal of her objections and production of all responsive documents. Dkt. 259 at 2; dkt. 259-5. Plaintiff responded to BANA on April 13, 2024, and stated that she had filed an appeal in the matter and that she "completed the Discovery

Request [sic] to the best of my knowledge and within the rules regarding privileged information…I will document to the best of my ability that I have completed the Interrogatories that have been submitted to me vial [sic] email." Dkt. 259-6 at 3.

Plaintiff next failed to call into a May 1, 2024 status hearing set with the Court and the hearing was continued to May 17, 2024. Dkt. 250. Plaintiff called into the rescheduled status hearing, and the Court again extended the time for Plaintiff to respond to BANA's outstanding discovery requests, to May 29, 2024, and granted Defendant leave to file a motion if it had remaining objections to Plaintiff's responses. Dkt. 253 at 1-2. The Court stated that:

> "Plaintiff shall respond to Bank of America's outstanding document requests by 5/29/24. This includes documents related to other corporate entities. It is not sufficient for Plaintiff to generally say that all documents have been produced and/or are on the docket. Plaintiff must respond to each individual request with a responsive production of documents. If Plaintiff's position is that she has completed a reasonable search and produced all responsive documents in her possession, custody, or control (i.e., she does not have anything else), she shall file a signed, one page statement that she has done so with the Court by 5/29/24. Plaintiff is cautioned that if a responsive document is later revealed to have been in her possession, custody, or control, and she did not produce it to Bank of America, she may be subject to exclusion of that document and/or sanctions." Dkt. 253 at 1.

Plaintiff did not file a statement with the Court by May 29, 2024, and BANA represents that it did not receive responses from Plaintiff, though it attempted to contact her by phone and email prior to filing a motion. Dkt. 259 at 2; dkt 259-6 at 2. On June 25, 2024, BANA filed the Motion to Compel (dkt. 259) at issue in this Order. Plaintiff's response was due by July 9, 2024, dkt. 268, but she did not file a substantive response. According to the docket, Plaintiff also failed to call into a telephonic status hearing with the District Judge on 7/9/24. Dkt. 261.

Since the filing of BANA's Motion to Compel (dkt. 259), Plaintiff has only filed one document, titled "Affidavit," which was filed on July 1, 2024, and consists of a single paragraph. Dkt 260. The Affidavit (dkt. 260) states in relevant part that, "This notice serves as notification of document requests that were presented by…[BANA] to the Plaintiffs [sic]. The Plaintiffs [sic] will not retract any objections to [BANA]'s responses as requested, any objections will be reviewed by the Appellate Court…" Dkt. 260 at 1. The Court is not certain whether this was intended to be a response to BANA's Motion to Compel (dkt. 259), given that it refers to Plaintiff's objections to BANA's "responses," rather than BANA's requests. Dkt. 260 at 1. Even if this was a typographical error, the Affidavit (dkt. 260) contains no argument for the Court to consider as a response to BANA's Motion to Compel (dkt. 259).

Given Plaintiff's failure to respond in any meaningful or substantive way to BANA's Motion to Compel (dkt. 259), Plaintiff has now waived all objections to BANA's RFPs and must produce all responsive documents. *See, e.g., Sloan Valve Co. v. Zurn Indus.*, No. 10 C 204, 2012 WL 5499412, at *1 (N.D. Ill. Nov. 13, 2012) (failure to properly respond to discovery motion arguments results in waiver); *D'Andre v. Priester*, No. 13 C 4117, 2014 WL 1456954, at *1, n.1 (N.D. Ill. Apr. 14, 2014) ("As the subpoena respondents fail to [make] any supported and

2

developed objections to the production of the documents…those other documents must be produced."). Plaintiff was previously warned that a "failure to adhere to the following deadlines or ask for appropriate extensions will act as waiver of any further discovery motions or objections as to that particular issue, and failure to timely respond to discovery may lead to a finding that Plaintiff has failed to prosecute her case." Dkt. 253 at 1. Further, Plaintiff's general assertions of privilege (dkt. 259-4) to BANA's RFPs are not valid objections. Plaintiff does not explain how any privilege applies to the particular documents she is withholding, either in a privilege log or a response to BANA's Motion to Compel (dkt. 259).

      For all of these reasons, BANA's Motion to Compel (dkt. 259) is GRANTED. BANA must resend its RFPs to Plaintiff by 8/5/24. Plaintiff is ordered to produce all responsive documents to each of BANA's individual RFPs by 8/12/24. If Plaintiff has no responsive documents to any of the RFPs, she must state this in a formal, signed response to BANA. She may not respond with any assertion of privilege, given that she has waived her objections on that ground, as explained above. If Plaintiff would like to request an extension to the 8/12/24 deadline, she must file a motion with the Court by no later than 8/12/24. Plaintiff's failure to produce responsive documents to BANA by the deadline may result in sanctions under Federal Rule of Civil Procedure 37(b)(2)(A), including that any responsive documents later revealed to have been in her possession, custody, or control that were not produced may be subject to exclusion, or her suit may be dismissed (though those matters will be for the District Judge to ultimately decide at the appropriate juncture).

      All other written discovery is closed at this point. (Plaintiff did not file any motion regarding BANA's responses to her discovery requests by the 6/13/24 deadline. Dkt. 253 at 2. Defendant GSG did not file any motion regarding Plaintiff's responses to its discovery requests by the 6/27/24 deadline. Dkt. 253 at 2. Plaintiff did not file any motion regarding GSG's responses to her discovery requests by the 5/29/24 deadline. Dkt. 253 at 2.) As mentioned above, the Parties were warned that a "failure to adhere to…deadlines or ask for appropriate extensions will act as waiver of any further discovery motions or objections as to that particular issue." Dkt. 253 at 1. Depositions remain stayed until a ruling is made on GSG's Motion to Dismiss [143]. *See* Dkt. 253 at 1.

Dated: 7/30/24

E N T E R:

*[signature: Beth W. Jantz]*

BETH W. JANTZ
United States Magistrate Judge