IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARRIE K.,[1] | ) |
|                **Plaintiff,** | ) Case No. 1:23-cv-00769 |
| v. | ) Honorable Beth W. Jantz |
| MARTIN J. O'MALLEY, Acting Commissioner of Social Security,[2] | ) |
|                **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Carrie K.'s application for supplemental security income ("SSI"). The Parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c). For the reasons that follow, Plaintiff's request to reverse and remand the Commissioner's decision (dkt. 14) is GRANTED and the Commissioner's Motion for Summary Judgment (dkt. 17) is DENIED. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

---

[1] In accordance with Internal Operating Procedure 22, Privacy in Social Security Opinions, the Court refers to Plaintiff by her first name and the first initial of her last name.
[2] Pursuant to Federal Rule of Civil Procedure 25(d), Martin J. O'Malley has been substituted for his predecessor.

**BACKGROUND**

I.    **Procedural History**

On December 31, 2020, Plaintiff completed an application for SSI, alleging disability beginning July 1, 2019. R. 15. Plaintiff's claim was denied initially on June 4, 2021, and upon reconsideration on November 3, 2021. R. 15. A hearing was held before an Administrative Law Judge ("ALJ") on May 2, 2022. R. 31-56. The ALJ denied Plaintiff's claim on May 18, 2022. R. 12-30. The Appeals Council denied Plaintiff's request for review on December 8, 2022, making the ALJ's decision the final decision of the Commissioner. R. 1-6. Plaintiff now seeks review of the Commissioner's final decision denying her claim.

II.    **The ALJ's Decision**

The ALJ analyzed Plaintiff's claims in accordance with the Social Security Administration's five-step sequential evaluation process. R. 17-26. The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. R. 17. At step two, the ALJ determined that Plaintiff had the following severe impairments: depression; anxiety; attention-deficit hyperactivity disorder ("ADHD"); personality disorder; and degenerative disc disease. R. 17-18. The ALJ concluded at step three that the impairments, alone or in combination, did not meet or medically equal one of the Social Security Administration's Listings of impairments. R. 18-19. Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work except that she could perform simple and routine tasks and tolerate occasional interactions with the public. R. 19-25. At step four, the ALJ found that Plaintiff had no past relevant work. R. 25. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff

could perform. R. 25-26. The ALJ then concluded that Plaintiff was not disabled under the Social Security Act. R. 26.

## DISCUSSION

### I.     Judicial Review

Under the Social Security Act, a person is disabled if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine disability within the meaning of the Social Security Act, the ALJ conducts a five-step inquiry, asking whether: (1) the claimant has performed any substantial gainful activity during the period for which they claim disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the RFC to perform her past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy. 20 C.F.R. § 416.920(a). "A finding of disability requires an affirmative answer at either step three or step five." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005). "The claimant bears the burden of proof at steps one through four, after which at step five the burden shifts to the Commissioner." *Id.*

Judicial review of the ALJ's decision is limited to determining whether it adequately discusses the issues and is based upon substantial evidence and the proper legal criteria. *Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks omitted). "To determine

whether substantial evidence exists, the court reviews the record as a whole but does not attempt to substitute its judgment for the ALJ's by reweighing the evidence, resolving material conflicts, or reconsidering facts or the credibility of witnesses." *Beardsley v. Colvin*, 758 F.3d 834, 836-37 (7th Cir. 2014). While this review is deferential, "it is not intended to be a rubber-stamp" on the ALJ's decision. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). The Court will reverse the ALJ's finding "if it is not supported by substantial evidence or if it is the result of an error of law." *Id.* at 327.

The ALJ has a basic obligation both to develop a full and fair record and to "build an accurate and logical bridge between the evidence and the result [so as] to afford the claimant meaningful judicial review of the administrative findings." *Beardsley*, 758 F.3d at 837; *see also Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022). The ALJ "must explain [the ALJ's] analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014) (quoting *Briscoe*, 425 F.3d at 351). Even if reasonable minds could differ as to whether the claimant is disabled, courts will affirm a decision if the ALJ's opinion is adequately explained and supported by substantial evidence. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

## II. Substantial evidence did not support the ALJ's findings at step three.

Among other arguments, Plaintiff argues that the ALJ erred by providing a perfunctory and unsupported assessment of whether Plaintiff met any of the Listings at step three. Dkt. 14 at 6-9. After a review of the record (dkt. 10) and the briefs (dkt. 14; dkt. 18; dkt. 19) submitted by the Parties, the Court agrees with Plaintiff. Because this error alone warrants remand, the Court will not address Plaintiff's other arguments.

4

### A. Step Three Requirements

At step three, an ALJ considers whether a claimant meets or equals an impairment found in one of the Listings. *Wilder v. Kijakazi*, 22 F.4th 644, 651 (7th Cir. 2022). The Listings contain impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Id.* (citing 20 C.F.R. § 404.1525(a)). An individual who satisfies the criteria of a Listing is presumed to be disabled. *Id.* At step three, an ALJ need not name every Listing, but must offer more than a perfunctory analysis. *Id.* (citing *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "If an [ALJ] believes that the evidence already received in the record does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, the adjudicator is not required to articulate specific evidence supporting his or her finding..." *Wilder*, 22 F.4th at 651 (citing Social Security Regulation 17-2p). It is the claimant's burden to point to evidence that they meet a Listing. *Richardson v. Kijakazi*, No. 22-2746, 2023 WL 4103000, at *2 (7th Cir. June 21, 2023).

Here, the ALJ considered, among others, Listings 12.02 (neurocognitive disorders), 12.04 (bipolar and related disorders), and 12.06 (anxiety and obsessive-compulsive disorders). R. 18-19. The criteria for each of these Listings consist of three paragraphs, designated A, B, and C. 20 CFR 404, Subpart P, Appendix 1 §12.00(A)(2). In order to satisfy one of these Listings, a claimant's mental impairment must satisfy the criteria of paragraph A and the criteria of either paragraph B *or* C. *Id.*

### B. Paragraph A

To satisfy paragraph A, a claimant must show that the medical criteria for the Listing is present in the medical evidence. *Id.* at §12.00(A)(2)(a). For example, to satisfy the paragraph A criteria for Listing 12.04 (bipolar and related disorders), there must be medical documentation in

5

the record showing specific characteristics of depressive disorder or bipolar disorder. *Id.* at §12.04(A). Though the ALJ did not discuss the paragraph A criteria, the Court presumes Plaintiff satisfied it for the Listings at issue, as the Commissioner does not argue otherwise and the ALJ found that, based on the record, Plaintiff had the severe impairments of depression, anxiety, ADHD, and personality order. Dkt 18; r. 17; *see Sheralyn B. v. Kijakazi*, No. 3:22-CV-50280, 2023 WL 6290588, at *3, n.5 (N.D. Ill. Sept. 27, 2023) ("The Commissioner does not argue that Plaintiff fails to meet the paragraph A criteria for the listings at issue…Accordingly, this Court need not address the paragraph A criteria.") (citing *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010)). Additionally, throughout her brief (dkt. 14), Plaintiff points to a plethora of medical documentation of her mental impairments.

### C. Paragraph C

Plaintiff challenges the ALJ's assessment of both paragraphs B and C, but the Court will only address the ALJ's insufficient assessment of the paragraph C criteria, given that it alone requires remand. Dkt. 14 at 6-9; *see Barnett v. Barnhart*, 381 F.3d 664, 670 (7th Cir. 2004) (remanding where the ALJ failed to show that he sufficiently considered whether the plaintiff met a Listing); *Sheralyn B. v. Kijakazi*, No. 3:22-CV-50280, 2023 WL 6290588, at *5 (same).

To satisfy the paragraph C criteria, a mental disorder must be "serious and persistent," meaning there is a medically documented history of the disorder over a period of at least 2 years. 20 CFR 404, Subpart P, Appendix 1 § 12.00(G)(1), (2)(a). The evidence must also show (1) reliance, on an ongoing basis, on medical treatment, mental health therapy, psychosocial support, or a highly structured setting, to diminish the symptoms and signs of the mental disorder, and (2) that, despite diminished symptoms and signs, there is only "marginal adjustment." *Id.* at §12.00(G)(2)(b), (c). "'Marginal adjustment' means that your adaptation to the requirements of

daily life is fragile; that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life." *Id.* at § 12.00(G)(2)(c). The marginal adjustment requirement is met "when the evidence shows that changes or increased demands have led to exacerbation of your symptoms and signs and to deterioration in your functioning…" *Id.* Examples of this deterioration include the need for a "significant change in medication or other treatment," or "episodes of deterioration that have required you to be hospitalized or absent from work, making it difficult for you to sustain work activity over time." *Id.*

> In assessing the paragraph C criteria, the ALJ wrote the following:
>
> "The undersigned has also considered whether the 'paragraph C' criteria are satisfied. The 'paragraph C' criteria of listings 12.02, 12.04, and 12.06 require evidence of (1) medical treatment, mental-health therapy, psychosocial supports, or a highly structured setting that is ongoing and diminishes the symptoms and signs of the claimant's mental disorder; and (2) marginal adjustment, e.g., a minimal capacity to adapt to changes in the environment or to demands that are not already part of the claimant's daily life. The evidence fails to establish the presence of these criteria." R. 19.

**D. Analysis**

Plaintiff asserts that the ALJ did not substantially support his finding regarding the paragraph C criteria at step three. Dkt. 14 at 8-9. The Commissioner makes no meaningful argument that the ALJ provided a sufficient explanation at step three (or elsewhere in the decision), only stating that the ALJ "acknowledged the[] paragraph C requirements and found that the evidence failed to establish them," and that generally, "[s]ubstantial evidence supports his decision." Dkt. 18 at 6 (citing r. 19). The Court disagrees with the Commissioner and finds that

7

the ALJ's conclusion that Plaintiff was not disabled and did not meet the paragraph C requirements was not supported by substantial evidence, even under the deferential standard of review.

First, the Court cannot discern how Plaintiff did not meet the paragraph C criteria from the ALJ's single paragraph "discussion" at step three. R. 19. *See Mosley for M.T. v. Kijakazi*, No. 20-CV-6367, 2022 WL 4535203, at *17 (N.D. Ill. Sept. 28, 2022) ("But because the ALJ's discussion of the C criteria was very brief, it is difficult to ascertain why she found Michael did not meet them."). The Court may, and will, look elsewhere in the decision to determine whether the ruling at step three was supported by substantial evidence. *See Zellweger v. Saul*, 984 F.3d 1251, 1255 (7th Cir. 2021) (finding that the ALJ did not err at step three where the RFC analysis was extensive and supported the ALJ's determination that the plaintiff did not meet the Listing at issue). However, nowhere in the decision did the ALJ adequately support his finding that Plaintiff did not meet the paragraph C criteria.

As noted above, to meet the requirements of paragraph C, Plaintiff must show (1) that her mental disorders are "serious and persistent," (2) an ongoing reliance on medical treatment, therapy, psychosocial support, or a highly structured setting, to diminish the symptoms and signs of her mental disorders and (3) that despite her diminished symptoms and signs, there was only "marginal adjustment." 20 CFR 404, Subpart P, Appendix 1 § 12.00(G)(1), (2)(a)-(c). First, if the ALJ found that Plaintiff's mental disorders were not "serious and persistent," this finding was not supported by substantial evidence anywhere in the decision. The ALJ determined that Plaintiff had the *severe* impairments of depression, anxiety, ADHD, and personality order, and he discussed medical documentation of these impairments spanning more than a period of two years, which included four hospitalizations. R. 22-25. Even if Plaintiff's symptoms were less serious than

8

alleged, the ALJ's decision did not point to or explain any evidence that would indicate that Plaintiff's mental disorders were not "serious and persistent."

Similarly, if the ALJ found that Plaintiff did not have an ongoing reliance on medical treatment, therapy, psychosocial support, or a highly structured setting to diminish the symptoms and signs of her mental disorders, this finding was not supported by substantial evidence. The ALJ acknowledged that Plaintiff relied on medication and therapy, and received inpatient treatment when she was hospitalized four times. R. 22-24. Though the ALJ found that Plaintiff's symptoms were not as severe as alleged because she did not always follow up with therapy, her hospitalizations were voluntary, and she showed no signs of psychosis while hospitalized, at no point did he dispute that Plaintiff relied on these methods of treatment to attempt to diminish her symptoms. R. 22-24. On the contrary, the ALJ noted that Plaintiff's symptoms diminished during her hospitalizations, and that she showed improvement with medication. R. 22-23. It is unclear to the Court what substantial evidence supported that Plaintiff did not have an ongoing reliance on medication, therapy, and inpatient hospitalization to diminish the signs and symptoms of her mental disorders.

The ALJ's decision also provided no substantial evidence to support a finding that Plaintiff did not experience only "marginal adjustment" despite her diminished symptoms and signs. Again, the ALJ acknowledged that Plaintiff improved during each hospitalization, but that she returned for inpatient treatment repeatedly after recurrent episodes of deterioration (once after a suicide attempt). R. 22-23. An episode of deterioration requiring an individual to be hospitalized is one of the explicit examples that the regulations provide as evidence of only "marginal adjustment." 20 CFR 404, Subpart P, Appendix 1 §12.00(G)(2)(c). Additionally, a mental health assessment conducted between Plaintiff's second and third hospitalizations in November 2019 noted that her

9

functionality had decreased over the past six months, and a letter from her treating psychiatrist noted that Plaintiff "has not been able to maintain employment for any meaningful length of time. Typically she becomes more and more anxious about being able to handle the work and she stops going entirely or starts to miss days to the point that she gets fired." R. 664, 719. The ALJ did not discuss these findings, nor did he otherwise provide substantial evidence to support a finding that Plaintiff did not meet the "marginal adjustment" requirement. "There may be reason in the record to determine that [Plaintiff] does not meet the C criteria, but what matters are the reasons articulated by the ALJ, which in this case were quite minimal." *Mosley for M.T. v. Kijakazi*, No. 20-CV-6367, 2022 WL 4535203, at *18 (N.D. Ill. Sept. 28, 2022) (internal quotation marks and citation omitted) (remanding where the ALJ did not "meaningfully evaluate" whether the plaintiff satisfied the C criteria based on the entirety of the record).

The Commissioner's argument that Plaintiff did not meet her burden to show that she was disabled fails. Dkt. 18 at 6. Plaintiff specifically pointed to her hospitalizations, the November 2019 mental health assessment, and the note from her treating psychiatrist. Dkt. 14 at 8-9 (citing r. 507-510, 332-330, 340-41, 347, 683, 690, 738-39, 765, 903). This evidence is sufficient to show that Plaintiff possibly could have met the paragraph C criteria. The Court is not concluding that Plaintiff has *necessarily* provided evidence to satisfy the paragraph C criteria, as that determination is for the ALJ. *See Sheralyn B.*, 2023 WL 6290588, at *5. But the ALJ did not provide substantial evidence to support his decision, so the Court cannot understand how or why he determined that Plaintiff did not meet the paragraph C criteria, as the ALJ was required to do.

For the foregoing reasons, Plaintiff's request to reverse and remand the Commissioner's decision (dkt. 14) is GRANTED and the Commissioner's Motion for Summary Judgment (dkt. 17)

is DENIED. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**

Date: July 30, 2024

BETH W. JANTZ

United States Magistrate Judge